## Bill Brady v. The State.

### No. 2083. Decided May 22, 1901.

**1.—County and District Courts—Jurisdiction.**

By Act of Seventeenth Legislature (Laws 1881, page 13, which is still in force) criminal jurisdiction was taken away from the County Court of Frio and transferred to the District Court of said county, and gave to the District Court the same criminal jurisdiction as theretofore appertained to the County Court. Held, under said law, the District Court had concurrent original jurisdiction with justice courts of said county finally to try misdemeanors wherein the punishment is by fine not exceeding $200, without imprisonment.

**2.—Constitutional Law—Justice Courts.**

Under the Constitution, the Legislature may diminish the jurisdiction of the county court and confer its criminal jurisdiction upon other courts. But it is beyond the power of the Legislature to diminish the jurisdiction of other justice courts of a county and confer such jurisdiction alone upon the justice court of any particular precinct. Such an act would most clearly be unconstitutional and void.

Appeal from the District Court of Frio. Tried below before Hon. M. F. Lowe.

Appeal from a conviction of gaming; penalty, a fine of $10.

The case is sufficiently stated in the opinion.

*J. F. Bivens* and *Magnus Smith,* for appellant.—In Mora v. State, decided by the Court of Appeals at the Tyler term, in 1880, it was held by the court that section 22 of article 5 of the Constitution authorized the Legislature to vest the jurisdiction of the county court in the district court, and it has been repeatedly held by the old court and the present court that the jurisdiction of the county courts extended to and embraced all misdemeanor cases over which the justice court had jurisdiction, and that where the Legislature vested the jurisdiction of the county court in the district court, without reservation, that the district court had jurisdiction to hear and determine concurrently with the justice court all misdemeanors. The jurisdiction of the County Court of Frio County was vested by the Legislature in the District Court of Frio by an act of the Legislature, approved February 25, 1881, said act taking effect from and after its passage. See Gen. Laws 1881, p. 13, and 9 Gammel Laws of Texas, 105. The court will bear in mind that this act was passed by the Legislature after the decision in the Mora case at Tyler, in 1880. For by the expressed terms of the act

transferring the jurisdiction of the county court to the district court, the jurisdiction of the district court is limited, and it only acquires such jurisdiction as is not conferred by sections 1 and 3 to some other court. By the expressed terms of section 3 of said act the Justice Court of Precinct No. 1 of Frio County is given jurisdiction over all matters civil and criminal over which, by the general laws of the State, the county court of said county would have jurisdiction, provided that no greater jurisdiction should be exercised by said justice court than is given by the general laws of the State. And it is also provided that all causes then pending in the County Court of Frio of which the justice court had jurisdiction should be transferred to the Justice Court of Frio County, Precinct No. 1. It certainly must be presumed by this court that the Legislature enacted this statute in view of the decision of the court on this question, and they intended to and did limit the jurisdiction of the district court to such cases of which the county court had exclusive jurisdiction and intended to and did confer upon the Justice Court of Precinct No. 1 of Frio County exclusive jurisdiction over all misdemeanors which by the general laws the justice court had jurisdiction. It certainly can not be contended that the case at bar is not one over which the justice court has jurisdiction under the general law; therefore under this statute jurisdiction would be conferred exclusively upon the Justice Court of Precinct No. 1. Under article 5, section 22, of the Constitution the Legislature had power to change or diminish the jurisdiction of the county court and conform the jurisdictions of other courts to such change. It certainly, by the act under consideration, conforms the jurisdiction of the district court to the jurisdiction of the Justice Court of Precinct No. 1, and said act thereby gave to each of said courts a part of the jurisdiction heretofore exercised by the County Court of Frio County. It is respectively submitted that the District Court of Frio County had no jurisdiction to finally hear and determine this cause and that the information filed herein by the county attorney should have been filed in the Justice Court of Precinct No. 1.

*C. A. Davies,* District Attorney, and *Rob't A. John,* Assistant Attorney-General, for the State.—The State submits that the District Court of Frio County had jurisdiction. By an act of the Seventeenth Legislature, 1881, page 13, jurisdiction of the County Court of Frio County was diminished, and section 2 conferred upon the District Court of that county jurisdiction in all cases, both civil and criminal, which the general laws of the State lodged in the county courts of the State, except as provided in the preceding section, referring to probate matters only. This law has never been repealed, unless appellant should contend that by the adoption of the code of 1895, which does not specially include the act clothing the District Court of Frio County with jurisdiction in misdemeanor cases, but omits same, this, under the general pro-

visions of the code (Revised Civil Statutes, article 1103, section 4), is a repeal of said act. The State concedes that an act which fixes the jurisdiction of district and county courts for a specific county is a general law; that is, it is not a special law within the terms of the Constitution requiring notice to be given, etc.; the reason being that the entire State is concerned in fixing the jurisdiction of the courts of each particular county, as all citizens may become litigants in said county or may be forced, to assert their rights in the courts of said county, and that in all criminal prosecutions the State of Texas is concerned in the enforcement of all violations of the law, although the venue may be lodged specifically in a certain county. But the law is of a local nature, and therefore the repealing clause of the code does not apply, because section 16 of said final title (Revised Statutes, article 1104) provides: "All laws of a local nature operating in particular counties, * * * are not effected by said repealing clause." Again, the code itself, in reference to the jurisdiction of county courts, contains the following provision (Revised Civil Statutes, article 1166): "Where the jurisdiction of the county court of the following matters in this State has been taken away, altered, or changed by existing law, the same shall remain, as it was until otherwise provided by law." This unquestionably preserves so much of the Act of 1881 in reference to Frio County as divests the County Court of jurisdiction to try this cause.

But as appellant's contention is that the Justice Court had jurisdiction, it seems he concedes the County Court did not have the same. The State, however, contends that the jurisdiction of the District Court of Frio County was preserved in the same code by article 1110 (Revised Civil Statutes, page 255), as follows: "In addition to the foregoing powers and jurisdictions the district courts and the judges thereof shall have such authority as is or may be invested in them by law." The phraseology of this statute evidently intended to preserve to the district courts such jurisdiction as they had at the time of the adoption of the code, as well as to authorize the conferring of jurisdiction upon a particular district court by subsequent act. The State submits that the different articles of the statute preserved the Act of 1881 vesting in the district courts jurisdiction in misdemeanors as it was when the same was enacted; there being no subsequent act repealing since the enactment of this statute. It is submitted that the District Court had jurisdiction concurrent with the Justice Court of Precinct No. 1 of Frio County to try misdemeanors of any class, whether or not the same involved official misconduct.

DAVIDSON, Presiding Judge.—Appellant was convicted in the District Court of Frio County of gaming, and his punishment assessed at a fine of $10. He interposed a plea to the jurisdiction of the District Court, because he was charged with a misdemeanor not involving official misconduct. The plea was overruled, jurisdiction entertained, and the

conviction resulted. By the Acts of the Seventeenth Legislature (Laws 1881, page 13) the jurisdiction of the County Court of Frio County with reference to criminal matters was taken away. Section 2 of that act conferred such jurisdiction in the District Court as was given by the general laws to the County Court, with the exception of probating of wills, appointing guardians of minors, etc., and except cases, civil and criminal, over which, by the general laws of the State, the justice courts would have jurisdiction. Section 3 conferred upon the Justice Court of Precinct No. 1 jurisdiction in causes, civil and criminal, over which, by the general laws of the State, the County Court of said county would have jurisdiction; provided, however, that no more jurisdiction should be conferred on said courts than is given by the general laws of the State. Appellant's contention is that under these two sections the Justice Court of Precinct No. 1 had exclusive jurisdiction of all criminal cases where the amount of the fine would not be in excess of $200, or where there was no imprisonment attached as a part of the punishment. Such was not the intention of the Legislature, as evidenced by the language of the act. The county court, under the general laws of Texas, has concurrent jurisdiction with the justice courts in all misdemeanors that said courts have jurisdiction to finally try. So far as applicable to this case, the Legislature was simply intending to confer upon the District Court such jurisdiction in criminal matters as had been conferred upon the County Court prior to diminishing its jurisdiction. If the Legislature intended to confer upon the Justice Court of Precinct No. 1 all civil and criminal jurisdiction over which, under the general laws, county courts have jurisdiction, the act would be unconstitutional. The Constitution confers jurisdiction upon the justice courts throughout the county of civil and criminal matters to certain amounts, and the Legislature is not authorized to oust them of such jurisdiction. Under the Constitution the Legislature may diminish the jurisdiction of the county court, and confer its criminal jurisdiction upon other courts; but it can not, under that clause of the Constitution, oust the justice courts of their jurisdiction, and confer it upon the Justice Court of Precinct No. 1. It does not take an act of the Legislature to confer jurisdiction upon the justice courts of misdemeanors wherein a fine not exceeding $200 is the punishment. The Constitution has conferred this jurisdiction, and has conferred it alike upon all justice courts, whether in Precinct No. 1 or other precincts. Certainly, it would not for a moment be contended that the Legislature intended to confer upon the Justice Court of Precinct No. 1 authority to try criminal causes where the fine was in excess of $200, or where imprisonment was a part of the punishment, or to diminish the jurisdiction of the other justice courts. Whether the Legislature mentioned the question of jurisdiction as to the justice courts or not, they still would retain jurisdiction of all misdemeanors where the punishment was by fine only not exceeding $200. So, looking to the provisions of the act in ques-

tion, it was evidently the intention of the Legislature to simply confer upon the District Court such authority to try criminal cases as had been conferred by the Constitution and the general laws upon the County Court. Had not the jurisdiction of the County Court of Frio County been diminished, it would have had original jurisdiction to try this case; and the District Court having superseded that court in regard to the trial of criminal causes, jurisdiction was conferred by the act of the Legislature upon that court, the same as it had existed in the County Court. This law is still in force, so far as we have been able to ascertain. There is no error in the record.

The judgment is affirmed.

*Affirmed.*